ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CIV. 3892

EDWARD ROBERT LICHWICK, JR.,

    Plaintiff,

vs.                                             **COMPLAINT**

VERIZON,

    Defendant.                          JUDGE ROBINSON

-----------------------------------------------x

    Plaintiff, EDWARD ROBERT LICHWICK, JR., by and through his counsel, hereby complains of defendant as follows:

    1. Plaintiff resides in Port Jervis, New York, within this judicial district.

    2. Plaintiff's former employer, defendant Verizon, conducts business from Twin Rocks, Lake Ariel, Pa. 18436 as well as numerous locations in the State of New York.

    3. Plaintiff is 58 years of age.

    4. More than two months ago, plaintiff filed, and the EEOC accepted, his complaint of age discrimination in employment against defendant.

    5. Accordingly, this Honorable Court has jurisdiction over this matter pursuant to 29 U.S.C. sec. 601, et seq. and, 28 U.S.C. sec. 1367, which provides ancillary jurisdiction over the related state law claim.

    6. Plaintiff started working as a linesman for Verizon on February 22, 1972.

    7. Plaintiff became a service technician in 1984 and continued to work in that capacity for defendant until June 8, 2007.

    8. Plaintiff's last supervisor did not provide him with any performance reviews, but, in

2005, he did receive an excellent review from Chuck Williams, his second line supervisor, who praised plaintiff for the number of jobs completed and the few number of customer complaints he had received.

9. On June 8, 2007, plaintiff was forced to retire from his employment after being threatened with termination by various company supervisors.

10. As its reason for forcing his retirement, management accused him of corrupt practices, specifically taking a "tip" from a customer.

11. Defendant's agents knew this allegation was false in that plaintiff accepted an envelope which they knew did not represent any such tip from anyone and which plaintiff believed was a credit due him from the local gas station which tendered it.

12. In fact, plaintiff's managers planted this envelope a means of determining his integrity.

13. Plaintiff had absolutely no knowledge that the envelope handed to him by the gas station employee represented any form of tip or gratuity from any customer. Instead, he believed it was a return of credit owed to him.

14. After plaintiff "retired", he sought unemployment insurance benefits, to which the company objected.

15. After an evidentiary hearing, the Commonwealth of Pennsylvania Department of Labor and Industry ruled that plaintiff did not engage in willful misconduct disqualifying him from receipt of such benefits.

16. Plaintiff has concluded that he was pressured to quit his position or face termination on account of his age:

a) during the final several years of plaintiff's employment, at least three older workers in the protected class and working out of the same office as he did, advised plaintiff that younger workers were receiving preferential treatment in the areas of training, vehicle and work assignments;

b) the manager who terminated plaintiff was much younger than plaintiff, indeed outside the protected class;

c) the reason for plaintiff's termination was false and no one, in good faith, could have believed that, by accepting this envelope at a gas station plaintiff had frequented for at least twenty years, was he engaging in corrupt practices;

d) another issue advanced by the company in criticism of the plaintiff, i.e., his assisting individuals off the clock, depended upon defendant's enforcement of rules which, if they existed, were not generally enforced.

17. As a consequence of the discrimination visited upon plaintiff, he has suffered substantial loss of income, emotional distress, humiliation and anxiety.

## CAUSES OF ACTION

18. Plaintiff incorporates paras. 1-17 as if fully re-written herein.

19. By pressuring plaintiff to resign on account of his age, defendant discriminated against him in violation of 29 U.S.C. sec. 601, et seq.

20. By pressuring plaintiff to resign on account of his age, defendant discriminated against him in violation of section 296 of the Executive Law of the State of New York.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court accept jurisdiction over this matter,

empanel a jury to hear and decide all issues within its authority, award plaintiff all relief, including, but not limited to, reinstatement with back pay, including pre- and post-judgment interest, compensatory and punitive damages and the attorneys fees and costs associated with prosecution of this action.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NEW YORK 10924
(845)-294-3991

Counsel for Plaintiff