UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD ROBERT LICHWICK, JR.,

                    Plaintiff,

       – against –

VERIZON,

              Defendant.

Civil Action No.: 08-CIV-3892 (SCR)
ECF CASE

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1), (2), (3), and (6) and 28 U.S.C. § 1406**

Vicki R. Walcott-Edim
JONES DAY
222 East 41st Street
New York, NY  10017
(212) 326-3939

Thomas M. Beck
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001
(202) 879-3939
(*pro hac vice pending*)

*Attorneys for Defendant
Verizon Pennsylvania, Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

FACTUAL BACKGROUND .................................................................................... 2

    I.     Factual Allegations In The Complaint ............................................... 2

    II.    Additional Factual Background .......................................................... 3

    III.   Procedural History ............................................................................. 4

ARGUMENT ........................................................................................................ 4

    I.     Plaintiff Fails To State A Cognizable Claim For Age Discrimination
         Under The New York State Human Rights Law ("NYSHRL") ........................... 4

    II.    Plaintiff's ADEA Claims Fail As A Matter Of Law And Should Be
         Dismissed ........................................................................................ 7

         A.    Plaintiff's Purported And Defective NYSHRL Claim Divests This
               Court Of Subject Matter Jurisdiction Over Plaintiff's ADEA Claim ........ 7

    III.   This Court Lacks Personal Jurisdiction Over Verizon PA ................................... 9

    IV.   Plaintiff's Failure To File His Complaint In The Proper Venue Warrants
         Dismissal ...................................................................................... 11

CONCLUSION ................................................................................................... 14

**TABLE OF AUTHORITIES**

**CASES**

*(888) Justice, Inc. v. Just Enterprises, Inc.*, No. 06 CV 6410(GBD),
2007 WL 2398504 (S.D.N.Y. Aug. 22, 2007)..................................................10, 11, 12, 13

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ..................................................4

*DePriest v. Seaway Food Town, Inc.*, 543 F. Supp. 1355 (E.D. Mich. 1982)............................8, 9

*Dezaio v. Port Authority of New York and New Jersey*, 205 F.3d. 62 (2d Cir. 2000) .............7, 8, 9

*Griffin-Baez v. The Institute for Responsible Fatherhood & Family Revitalization*, No. 01
Civ. 9096(LMM), 2002 WL 1143738 (S.D.N.Y. May 29, 2002) .....................................10

*Howard v. Sprint/United Management Co.*, 299 F. Supp. 2d 180 (S.D.N.Y. 2003) ......................6

*Int'l Healthcare Exchange, Inc. v. Global Healthcare Exchange, LLC*, 470 F. Supp. 2d
345 (S.D.N.Y. 2007) ....................................................................................5

*Lyda v. American Broadcasting Cos.*, 587 F. Supp. 670 (S.D.N.Y. 1984) ....................................8

*Mosby v. Trabout*, No. 9:06-CV-1165(NAM/GHL), 2008 WL 623122 (N.D.N.Y. Mar. 4,
2008) ..................................................................................................4

*Sherwood v. Olin Corp.*, 772 F. Supp. 1418 (S.D.N.Y. 1991) ...............................................5, 6, 7

*Soul v. Movado Retail Group, Inc.*, Civil No. 1:06-CV-2115, 2007 WL 119296 (M.D. Pa.
Apr. 10, 2007) ..........................................................................................11

*Spriggs v. Brownlee*, No. 5:04-CV-00644 (NPM), 2006 WL 1304861 (N.D.N.Y. May 9,
2006) ..................................................................................................11

*United States Environmental Protection Agency v. Port Authority of New York and New
Jersey*, 162 F. Supp. 2d 173 (S.D.N.Y. 2001) ...............................................7, 9

*Welsh v. Servicemaster Corp.*, 930 F. Supp. 908 (S.D.N.Y. 1996) ..........................................9, 10

*Wishner v. Continental Airlines*, No. 94 Civ. 8239(LAP), 1997 WL 420286 (S.D.N.Y.
July 25, 1997)...................................................................................5, 6-7

**STATUTES**

28 U.S.C. § 1391..........................................................................................11, 12, 13

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

28 U.S.C. § 1406...........................................................................................................1, 13

29 U.S.C. § 621 *et seq*................................................................................................4, 7

N.Y. Exec. Law § 291 *et seq*. ..........................................................................4, 5, 6, 7, 8

Defendant Verizon Pennsylvania, Inc. ("Verizon PA" or the "Company"), improperly named and pled in Plaintiff's Complaint as Verizon, submits this memorandum of law in support of its Motion to Dismiss the Complaint filed by Plaintiff Edward Robert Lichwick, Jr. ("Plaintiff") pursuant to the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") for: (i) lack of subject matter jurisdiction (Rule 12(b)(1)); (ii) lack of personal jurisdiction (Rule 12(b)(2)); (iii) improper venue (Rule 12(b)(3) and 28 U.S.C. §1406); and (iv) failure to state a claim (Rule 12(b)(6)).

## PRELIMINARY STATEMENT

Plaintiff resigned in lieu of being terminated from his employment with Verizon PA on or about June 8, 2007. Plaintiff quit because he knew that Verizon PA was going to terminate his employment, not based on age as Plaintiff now claims, but for misconduct associated with Plaintiff's several violations of company policies and procedures on multiple occasions. Specifically, Verizon PA determined that Plaintiff, a former service technician, demanded and accepted tips and gratuities from customers, failed to bill customers for work performed, failed to represent accurately time worked on his timesheets, and performed work for a friend that conflicted with Verizon PA's line of business.

After Plaintiff's own misconduct single-handedly ended his employment with the Company, Plaintiff would have this Court believe that Verizon PA constructively terminated Plaintiff because of his age. In an attempt to recast the events that precipitated Plaintiff's separation from Verizon PA, Plaintiff's Complaint suggests – largely by omission and vague allegations – that this Court, which sits in New York, should hear Plaintiff's claims, which concern and originated in Pennsylvania.

Plaintiff is wrong for multiple reasons.  First, Plaintiff's claim under the New York State Human Rights Law ("NYSHRL") fails as a matter of law because it is well-established that the NYSHRL does not permit private actions against foreign corporations based on discriminatory conduct that occurred outside of New York.  Second, Plaintiff's ADEA claims are time-barred because Plaintiff's defective New York State law claims render deferral and application of the 300-day statute of limitations for filing EEOC charges inappropriate and Plaintiff filed his EEOC charge after the applicable 180-day time limit.  Therefore, this Court lacks subject matter jurisdiction over Plaintiff's ADEA claims.  Third, Plaintiff cannot carry his burden of showing that this Court has personal jurisdiction over Verizon PA.  Fourth,  Plaintiff has filed his Complaint in the incorrect judicial district, which renders venue improper.

For these reasons, as described more fully below, Plaintiff's Complaint must be dismissed in its entirety.

## FACTUAL BACKGROUND

### I.     Factual Allegations In The Complaint[1]

Plaintiff Lichwick, who lives in Port Jervis, New York, claims that Verizon PA forced him to retire from the company on or about June 8, 2007 because he was 57 years old.  Complaint ("Compl.") ¶9.  Plaintiff contends that company managers set him up by planting an envelope, which contained money from a customer, for Plaintiff in a gas station that he "frequented for at least twenty years" in order to determine his integrity.  Compl. ¶¶ 10-13, 16(c).  Incredibly, Plaintiff had "absolutely no knowledge that the envelope handed to him by the gas station employee represented any form of tip or gratuity from any customer.  Instead, he believed it was a return of a credit owed him."  Compl. ¶13.  Plaintiff asserts that Verizon PA

_____

[1]     Verizon PA assumes, solely for purposes of its Motion To Dismiss, that the factual allegations in the Complaint are true.

also knew that Plaintiff had not engaged in "corrupt practices" and had not taken a tip from a customer.  Compl. ¶¶ 10, 11.  Nevertheless, the Company, via a manager who was "much younger than plaintiff," terminated Plaintiff because of his age.  Compl. ¶16(b).  Following Plaintiff's resignation, he applied for unemployment benefits with the *Commonwealth of Pennsylvania*'s Department of Labor and Industry.  Compl. ¶¶14-15 (emphasis added).  According to Plaintiff, Verizon PA objected to Plaintiff's attempt to secure unemployment benefits.  Compl. ¶14.

## II.     Additional Factual Background

Plaintiff's Complaint is most notable for what it omits rather than for what it alleges.  The circumstances and events relating to the termination of Plaintiff's employment with Verizon PA concern the *Commonwealth of Pennsylvania*, not the State of New York, for reasons including but not limited to:

- Plaintiff was employed by Verizon PA, a Delaware corporation with a primary address in *Philadelphia, Pennsylvania*.  (Def.'s Rule 7.1 Statement; Nelson Decl. ¶5);

- Plaintiff alleges that the Company conducts business in *Twin Rocks and Lake Ariel, Pennsylvania*. (Compl. ¶2);

- The events surrounding Plaintiff's termination and his claims occurred in *Pennsylvania* (*See generally* Nelson Decl. ¶¶5-16);

- Plaintiff serviced Verizon PA customers in *Pennsylvania* (Nelson Decl. ¶¶5-7);

- Plaintiff regularly reported to Verizon PA's *Milford, Pennsylvania* garage (Nelson Decl. ¶6);

- Plaintiff was a member of Local 13000 – *Pennsylvania*, Communications Workers of America (Nelson Decl. ¶9);

- Plaintiff sought unemployment benefits from the *Commonwealth of Pennsylvania* (Compl. ¶ 15; Nelson Decl. ¶¶13-15);

- Plaintiff attended hearings related to his unemployment claims in *Pennsylvania* (Nelson Decl. ¶15); and

- Witnesses with knowledge of the facts and circumstances concerning Plaintiff's age discrimination claims are located in *Pennsylvania* (Nelson Decl. ¶¶5, 16).

### III.    Procedural History

Plaintiff filed a charge, claiming age discrimination, with the Equal Employment Opportunity Commission ("EEOC") on or around January 30, 2008[2] – some 236 days after he resigned in lieu of termination from Verizon PA.  Compl. ¶ 4.  It appears that Plaintiff's charge was co-filed with the New York State Division of Human Rights ("NYSDHR") on or about the same time.  Ex. 1, Walcott-Edim Decl.

On or about April 25, 2008, Plaintiff filed this Complaint, alleging age discrimination claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.*[3] and N.Y. Exec. Law § 296 *et seq.* in connection with Plaintiff's resignation from Verizon PA.

### ARGUMENT

### I.    Plaintiff Fails To State A Cognizable Claim For Age Discrimination Under The New York State Human Rights Law ("NYSHRL")

The United States Supreme Court recently clarified that a complaint's survival of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) depends on "more than labels and conclusions;" rather, the complaint must "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  "What this means, on a practical level, is that there must be plausible grounds to infer actionable conduct, or in other words, enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable conduct." *Mosby v. Trabout*, No. 9:06-CV-1165(NAM/GHL), 2008 WL 623122, at *2 (N.D.N.Y. Mar. 4, 2008).

---

[2]    Because Plaintiff did not attach a copy of the EEOC charge referenced in his Complaint, (Compl. ¶4), a copy of the charge received by Defendant is annexed as Exhibit 1 to the Declaration of Vicki Walcott-Edim ("Walcott-Edim Decl."), filed concurrently herewith.

[3]    Although Plaintiff incorrectly cites the Age Discrimination in Employment Act as 29 U.S.C. § 601 *et seq.*, (*see* Compl. ¶¶ 5, 19),Verizon PA will assume that Plaintiff intended to cite 29 U.S.C. § 621 *et seq.*, which is the proper citation.

Plaintiff purports to allege that he suffered discrimination within New York State in violation of § 296 of the NYSHRL. *See* Compl. ¶20. Courts repeatedly have interpreted this section to apply only to discrimination occurring in New York. *See, e.g., Sherwood v. Olin Corp.*, 772 F. Supp. 1418, 1425-26 (S.D.N.Y. 1991); *see also Wishner v. Continental Airlines*, No. 94 Civ. 8239(LAP), available at 1997 WL 420286, at *7 (S.D.N.Y. July 25, 1997) ("At its inception the [NYSHRL] regulated conduct occurring only within the State of New York," but was amended when the legislature added §298-a to cover out-of-state discrimination.). It is well settled that an "out of state employer's discriminatory conduct falls within section 296 *if* it affects the 'terms, conditions, or privileges in employment . . . *within New York*." *Int'l Healthcare Exchange, Inc. v. Global Healthcare Exchange, LLC*, 470 F. Supp. 2d 345, 362 (S.D.N.Y. 2007) (denying defendant's motion for summary judgment on plaintiff's NYSHRL claims because plaintiff's "place of employment was in New York City . . . and the alleged discrimination had its effects there") (collecting cases) (emphasis added).

Plaintiff does not allege that any discriminatory conduct occurred in New York. Nor does he allege that he worked in New York (and fails to admit that he worked for Verizon Pennsylvania, reported to managers who worked in Pennsylvania, and serviced customers in Pennsylvania). *See, e.g.,* Compl. ¶¶ 8, 9, 10, 11, 12, 13, 16. Plaintiff prefers to focus on the fact that *he* resides in New York, (Compl. ¶ 1), although federal courts have been unmoved by such contentions. For example, in *Sherwood v. Olin Corp.*, the Court held that the plaintiff must allege more than [his] New York residence; [he] must allege that an unlawful discriminatory practice '*originated*' within New York state. . . . ." *Sherwood,* 772 F. Supp. 1418, 1425-26 (S.D.N.Y. 1991) (Plaintiff's complaint did "not specifically allege any discriminatory acts occurring within New York.").

Plaintiff cursorily alleges that Verizon "conducts business from *Twin Rocks [and] Lake Ariel, PA* . . . as well as numerous locations in the State of New York." Compl. ¶2 (emphasis added). This single vague allegation – assuming *arguendo* that it is true – has absolutely nothing to do with Plaintiff's age discrimination claims let alone where they originated or occurred. *See Wishner v. Continental Airlines*, No. 94 Civ. 8239(LAP), available at 1997 WL 420286, at *7 (S.D.N.Y. July 25, 1997) (finding fact that defendant was authorized to do business in New York insufficient to deem defendant a New York resident for purposes of NYSHRL claim); *Sherwood*, 772 F. Supp. at 1426 (dismissing NYSHRL claim when plaintiff failed to "specifically allege any discriminatory acts occurring within New York."). The managers with knowledge of the facts related to Plaintiff's allegations work in Pennsylvania, and all of the circumstances surrounding Plaintiff's separation from Verizon PA, which will dominate this case, emanate from Pennsylvania. *See generally* Nelson Decl.

At best, Plaintiff alleges out-of-state discrimination, which is actionable only under §298-a of the NYSHRL. However, Plaintiff could not salvage his claims by now relying on this provision. Courts consistently have held that the NYSHRL precludes New York residents from bringing private actions concerning "out-of-state discrimination by foreign corporations." *Sherwood*, 772 F. Supp. at 1425-26 (dismissing plaintiff's NYSHRL claim when she worked in a Virginia corporation's Connecticut headquarters and in New York, on occasion, and no discrimination occurred or affected plaintiff's employment in New York); *see also Howard v. Sprint/United Management Co.*, 299 F. Supp. 2d 180, 186 (S.D.N.Y. 2003) (dismissing plaintiff's claims on summary judgment because corporate defendants, which were Kansas corporations and headquartered in Kansas, could not be held liable under NYSHRL); *Wishner*, 1997 WL 420286, at *7 (granting summary judgment for Delaware corporation with corporate

headquarters in Texas where discriminatory conduct occurred in New Jersey because NYSHRL

provides "no civil remedy for out-of-state discrimination by foreign corporations"). Here,

Plaintiff was employed by and resigned from Verizon PA – a Delaware corporation with a

primary address at 1717 Arch Street, Philadelphia, PA 19103. All of the events relating to

Plaintiff's separation from Verizon PA concern Pennsylvania, not New York. *E.g.,* Nelson Decl.

¶¶ 5-16; Defendant's Rule 7.1 Statement. Plaintiff is barred from suing his former employer

under the NYSHRL because "the private civil remedy provided by §297(9) is available to

resident victims of out-of-state discrimination only when that discrimination is committed by a

resident person or domestic corporation." *Sherwood*, 772 F. Supp. at 1422.

## II.    Plaintiff's ADEA Claims Fail As A Matter Of Law And Should Be Dismissed

### A.    Plaintiff's Purported And Defective NYSHRL Claim Divests This Court Of Subject Matter Jurisdiction Over Plaintiff's ADEA Claim

On a Rule 12(b)(1) motion challenging the "district court's subject matter jurisdiction,

the Court may resolve the disputed jurisdictional fact issues by referring to evidence outside of

the pleadings. . . ." *United States Environmental Protection Agency v. Port Authority of New

York and New Jersey*, 162 F. Supp. 2d 173, 182 (S.D.N.Y. 2001).

The ADEA requires a claimant to file a charge with the Equal Employment Opportunity

Commission ("EEOC") "within 180 days after the alleged unlawful practice occurred or within

300 days where the alleged unlawful practice occurred in a 'state which has a law prohibiting

discrimination in employment because of age. . . ." *Dezaio v. Port Authority of New York and

New Jersey*, 205 F.3d. 62, 65 (2d Cir. 2000) (describing statutes of limitations in non-deferral

(180-day) and deferral (300-day) states); *see also* 29 U.S.C. §626(d). New York law prohibits

age discrimination in employment (*see* N.Y. Exec. Law § 291(1) *et seq.*), and the New York

State Division of Human Rights may grant or seek relief from such discrimination. *See* N.Y.

Exec. Law § 293 *et seq*.  However, "even in a deferral jurisdiction like New York, where the State's fair employment practices agency has no jurisdiction over the employer, that employer is to be viewed as if it were in a non-deferral State, and accordingly, the 180-day limitation period [would apply.]"  *Dezaio v. Port Authority of New York and New Jersey*, 205 F.3d. 62, 65 (2d Cir. 2000) (affirming that New York State Division of Human Rights lacked jurisdiction over Port Authority and charge as a result of bi-state Compact).  In other words, "a jurisdiction having a FEP [fair employment practices] agency without subject matter jurisdiction over a charge . . . is equivalent to a jurisdiction having no FEP agency."  *Id.* at 65-66 (citing federal regulations and barring plaintiff's ADEA claim because he failed to file his EEOC charge within the 180-day time limit).  *See also Lyda v. American Broadcasting Cos.*, 587 F. Supp. 670, 673 (S.D.N.Y. 1984) (in absence of allegations connecting Title VII plaintiff's claims to New York, her failure to file claim in Illinois precluded administrative review of the case in New York); *DePriest v. Seaway Food Town, Inc.*, 543 F. Supp. 1355, 1360 (E.D. Mich. 1982) (filing charge in wrong state "deprives court of jurisdiction just as much as failure to file at all with an available state agency").

   In this case, the New York State Division of Human Rights lacks jurisdiction over Plaintiff's charge and Verizon PA because Plaintiff does not and cannot state a cognizant age discrimination claim against Verizon PA based upon constructive termination of Plaintiff's employment.  *See supra* Section I, at 5-7.  Consequently, the evaporation of Plaintiff's NYSHRL claim leaves his ADEA claim to stand on its own.  Plaintiff filed his EEOC charge on January 30, 2008 – approximately 236 days after the date that Verizon PA allegedly forced Plaintiff to retire because of his age.  *See* Compl. ¶¶ 7, 16(b); Ex. 1, Walcott-Edim Decl.  Plaintiff cannot assert an untimely ADEA claim against Verizon PA absent the presence of a viable state claim

when he filed his EEOC charge after the 180-day time limit expired.  *See Dezaio*, 205 F.3d. at 65.  "A state with no connection to or jurisdiction over an alleged discriminatory act is in no position to settle anything to the satisfaction of anyone."  *See DePriest*, 543 F. Supp. at 1360 (requiring federal age discrimination plaintiff to commence proceedings in the "appropriate state agency").

## III.     This Court Lacks Personal Jurisdiction Over Verizon PA.

An ADEA plaintiff must carry the burden of showing that New York laws confers the court with personal jurisdiction over the defendant pursuant to Fed. R. Civ. P. 12(b)(2).  *Welsh v. Servicemaster Corp.*, 930 F. Supp. 908, 909-10 (S.D.N.Y. 1996); *see also United States Environmental Protection Agency v. Port Authority of New York and New Jersey*, 162 F. Supp. 2d 173, 182-83 (S.D.N.Y. 2001) (requiring plaintiff to make a prima facie showing of jurisdiction).  Federal courts in New York look to §§ 301 and 302 of New York's Civil Practice Law and Rules for guidance on challenges to personal jurisdiction.  *See Welsh,* 930 F. Supp. at 909-10.

In *Welsh v. Servicemaster Corp.*, this Court considered arguments that it lacked personal jurisdiction over the defendant.  The Court began its analysis with Section 301 – New York's general jurisdiction statute, which permits exercise of jurisdiction over "foreign corporations doing business in New York" only if plaintiff makes a "prima facie showing that defendants have engaged in a systematic course of doing business" in New York.  *Id.*  To the contrary, Plaintiff here broadly alleges that Verizon "conducts business . . . in numerous locations in the State of New York."  As the *Welsh* court held, such "broad allegations fall *far short* of showing a presence in New York."  *Id.* at *10 (involving ADEA plaintiff's allegations that "each defendant is doing business" and was "licensed to do business" in New York") (emphasis added).

Plaintiff's unsupported allegations do not alter the fact that the primary connections in this case lie in Pennsylvania. *See, e.g.*,  Nelson Decl. ¶¶ 3-7, 9, 12-16.

Moreover, courts interpreting New York law require a "strong nexus between the plaintiff's cause of action and the defendant's in-state conduct" to invoke New York's long-arm statute, N.Y. C.P.L.R. §302. *See, e.g.*, *Welsh*, 930 F. Supp. at 909-10 (collecting cases).  And an allegation that out-of-state conduct "merely had consequences for a plaintiff in New York . . . is insufficient to establish personal jurisdiction." *(888) Justice, Inc. v. Just Enterprises, Inc.*, No. 06 CV 6410(GBD), 2007 WL 2398504, at *4 (S.D.N.Y. Aug. 22, 2007) (granting defendant's motion to dismiss for lack of personal jurisdiction).  Rather, courts generally apply a "'situs-of-injury' test, which seeks to locate the 'original event which caused the injury.'" *Id.* at *4 (consequences felt in New York due to the "fortuitous location of plaintiffs in New York" would not confer personal jurisdiction when "underlying events took place outside New York").

Likewise, Plaintiff's bald allegation does "not even come close to satisfying the jurisdictional test under New York's long-arm statute." *Welsh,* 930 F. Supp. at 910 (dismissing complaint for want of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)).  The Complaint fails to plead any connection between Verizon PA's alleged activity in New York and Plaintiff's claims, which actually originated and occurred in Pennsylvania rather than New York.  *See Welsh*, 930 F. Supp. at 910 (collecting cases); *see also (888) Justice, Inc. v. Just Enterprises, Inc.*, No. 06 CV 6410(GBD), 2007 WL 2398504, at *4 (granting foreign defendant's motion to dismiss complaint alleging out-of-state discrimination); *Griffin-Baez v. The Institute for Responsible Fatherhood & Family Revitalization*, No. 01 Civ. 9096(LMM), *available at* 2002 WL 1143738, at *2 (S.D.N.Y. May 29, 2002) (granting Rule 12(b)(6) motion to dismiss when plaintiff failed to plead that individual defendant committed discriminatory acts in New York).

It is indisputable that the events underlying Plaintiff's claims against his former employer arose in Pennsylvania and there is no connection between those allegations and New York.  *See, e.g.*, Nelson Decl. ¶¶3-10, 12-16.  Accordingly, the Complaint fails for lack of personal jurisdiction.

**IV.    Plaintiff's Failure To File His Complaint In The Proper Venue Warrants Dismissal**

On a motion to dismiss for improper venue, Fed. R. Civ. P. 12(b)(3) requires the plaintiff to bear "the burden of demonstrating proper venue."  *(888) Justice, Inc. v. Just Enterprises, Inc.*, No. 06 CV 6410(GBD), 2007 WL 2398504, at *5 (S.D.N.Y. Aug. 22, 2007).  The "Court 'may examine facts outside the complaint [including affidavits and declarations] to determine whether venue is proper [and] must draw all reasonable inferences in favor of the plaintiff.'"  *Id.* at *5.

Although Plaintiff fails to plead or even cite 28 U.S.C. § 1391(b), this statute governs venue here because Plaintiff alleges that his claims arose under the ADEA.  *See* Compl. ¶19; *see also Spriggs v. Brownlee*, No. 5:04-CV-00644(NPM), *available at* 2006 WL 1304861, at *9 (N.D.N.Y. May 9, 2006) (ADEA claims are "governed by the general venue provisions of 28 U.S.C. § 1391."); *Soul v. Movado Retail Group, Inc.*, Civil No. 1:06-CV-2115, *available at* 2007 WL 119296, at *6 (M.D. Pa. Apr. 10, 2007) (applying § 1391(b) to ADEA claims).  When the Court has subject matter jurisdiction because a federal question is presented under the ADEA, §1391(b) requires the civil action to be filed in:

> (1) a judicial district where any defendant resides, *if* all defendants reside in the same State;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may be otherwise brought.

28 U.S.C. § 1391(b)(1)-(3) (emphasis added).[4]  Simply put, Plaintiff cannot state a plausible

claim that venue is proper in the United States District Court for the Southern District of New

York because he cannot satisfy any of §1391(b)'s requirements.

First, Plaintiff neither pleads nor alleges that Defendant Verizon PA "resides" in New

York pursuant to § 1391(b)(1) although he admits that the Company conducts business in

Pennsylvania.  *Compare* Nelson Decl. ¶ 2-7.  Plaintiff's bare and vague assertion that Verizon

"conducts business" in Pennsylvania and New York, (*see* Compl. ¶2), is insufficient to render

venue (or personal jurisdiction for that matter) in New York appropriate.  *See (888) Justice, Inc.*

*v. Just Enterprises, Inc.*, No. 06 CV 6410(GBD), 2007 WL 2398504, at *3 (dismissing complaint

that broadly alleged that defendants "transacted business in New York and derived substantial

revenue from such business").  In any event, Plaintiff fails to plead that non-domiciliary Verizon

PA committed any discriminatory acts in New York and declines to admit that the circumstances

relating to his separation from Verizon PA happened in Pennsylvania.  *See, e.g.*, Def.'s Rule 7.1

Statement; Nelson Decl. ¶¶5-7, 12; *(888) Justice, Inc. v. Just Enterprises, Inc.*, No. 06 CV

6410(GBD), 2007 WL 2398504, at *3 (court had no personal jurisdiction over foreign defendant

despite plaintiff's residence in New York when "underlying events took place outside New

York").

Second, Plaintiff does not – nor can he – allege that he satisfies §1391(b)(2), which

requires that the "substantial  part of the events or omissions giving rise to the claim occurred" in

the chosen venue.  Rather, plaintiff carefully avoids mentioning the facts he knows are fatal to

his selection of the Southern District of New York.  For instance, the "office" to which Plaintiff

---

[4]      Further, the conditional, final clause in § 1391(b)(1) beginning with *if*, arguably renders the
subparagraph applicable to cases with more than one defendant when they reside in different districts.  *See (888)*
*Justice, Inc.*, 2007 WL 2398504, at *3 ("Section 1391(b)(1) . . . applies when *defendants* reside in different districts
of the forum state.") (emphasis added).

regularly reported is located in Pennsylvania.  *See* Compl. ¶16(a); Nelson Decl. ¶6.  The

customers Plaintiff serviced who are relevant to this case are located in Pennsylvania.  *E.g.,*

Nelson Decl. ¶7.  Further, Plaintiff does not allege that any alleged discriminatory conduct took

place in or related to New York.  *See generally* Compl.  Rather, Plaintiff's misconduct, the

investigation into Plaintiff's violation of company policies, and the Plaintiff's separation from

Verizon PA all originated in Pennsylvania.  *See generally* Nelson Decl. ¶6-16.

Most importantly, Plaintiff believes that his claims arose outside of New York because he

applied for unemployment benefits with the *Commonwealth of Pennsylvania's* Department of

Labor and Industry.  *See* Compl. ¶15 (emphasis added); *see also* Nelson Decl. ¶¶13-15.  In sum,

Plaintiff alleges absolutely *no* connections between New York and the events giving rise to his

age discrimination claims.  *See (888) Justice, Inc. v. Just Enterprises, Inc.*, No. 06 CV

6410(GBD), 2007 WL 2398504, at *6 ("The Second Circuit has cautioned district courts to

construe §1391(b)(2) of the venue statute strictly.").

<u>Third</u>, Plaintiff cannot rely on §1391(b)(3) because venue would lie under that subsection

only when "there is no district in which the action may otherwise be brought."  *See (888) Justice,*

*Inc. v. Just Enterprises, Inc.*, No. 06 CV 6410(GBD), 2007 WL 2398504, at *6.  Because venue

could lie in the federal courts in Pennsylvania – where all of the events giving rise to Plaintiff's

allegations occurred – the plain language of §1391(b)(3) renders it inapplicable to the instant

case.  *Id.* at 6.

Accordingly, this Court should dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P.

12(b)(3) and 28 U.S.C. § 1406 for improper venue because Plaintiff fails to allege that the

Southern District of New York is the appropriate venue.

## <u>CONCLUSION</u>

For the foregoing reasons, Verizon PA respectfully requests that the Court grant its

Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: July 7, 2008                                    JONES DAY


                                        By: s/ Vicki R. Walcott-Edim
                                            Vicki R. Walcott-Edim (VW-1223)
                                            222 East 41st Street
                                            New York, NY  10017

                                            Thomas M. Beck (TB-9243)
                                            51 Louisiana Avenue, N.W.
                                            Washington, DC 20001
                                            (*pro hac vice* pending)

                                            *Attorneys for Defendant*
                                            *Verizon Pennsylvania, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2008, the foregoing Memorandum of Law in Support of

Defendant's Motion to Dismiss was filed with the Clerk of the Court and served via overnight

delivery in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's

Local Rules, and/or the Southern District's Rules on Electronic Service upon:

> Michael H. Sussman, Esq.
> SUSSMAN & WATKINS
> 40 Park Place
> Goshen, New York  10924
> (845) 294-3991
>
> *Attorney for Plaintiff*

> /s/ Vicki R. Walcott-Edim
> Vicki R. Walcott-Edim (VW 1223)
> Jones Day
> 222 East 41st Street
> New York, NY 10017-6702
> vwalcottedim@jonesday.com
> (212) 326-3939

NYI-4097488