UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
EDWARD ROBERT LICHWICK, JR.,

                     Plaintiff,

                                         08 Civ. 3892 (SCR)

-vs-

VERIZON,                                 **PLAINTIFF'S MEMORANDUM OF**
                                               **LAW IN OPPOSITION TO**
                  Defendant.           **DEFENDANT'S MOTION TO DISMISS**
-------------------------------------------------X

## PRELIMINARY STATEMENT

      Plaintiff, Edward Lichwick, respectfully submits this memorandum of law in opposition to defendant's motion to dismiss.

## STATEMENT OF FACTS

      On or about June 8, 2007, defendant Verizon forced plaintiff, who is 58 years old, to resign after 35 years of employment as a linesman and service technician.  (Compl. ¶¶ 2, 3, 9). Plaintiff alleges that Verizon forced him to retire because of his age, as evidenced by the following: a) during plaintiff's final years working for Verizon, he learned that younger workers were receiving preferential treatment in the areas of training, vehicle and work assignments; b) plaintiff was fired by a much younger manager; c) the reason stated for plaintiff's termination – that he had engaged in corrupt practices – was false and Verizon could not have believed, in good faith, that it was true; and d) the other reason given by Verizon for plaintiff's forced resignation was that he had assisted individuals off the clock, a rule, if it existed, that was not generally enforced.  (Id. ¶ 16).

On January 30, 2008, plaintiff filed a verified complaint of age discrimination against Verizon with the EEOC in its New York City office, a prerequisite for filing suit under the Age Discrimination in Employment Act (ADEA). (See Walcott-Edim Decl., Ex. 1; Compl. ¶ 4; 29 U.S.C. § 626(d)). Plaintiff filed this lawsuit on April 25, 2008, more than 60 days after filing his EEOC charge of discrimination, as required under the ADEA. (See Compl. ¶ 4; 29 U.S.C. § 626(d)).

Plaintiff resides in Port Jervis, New York. (Compl. ¶ 1). Plaintiff's employer was Verizon Communications, Inc. ("Verizon"), also known simply as Verizon, including on the company's own website. (See Sussman Aff., ¶ 2, Ex. 1). Verizon has a single board of directors and operates a unified company, which files a single Form 10K with the SEC. (Id., Ex. 2). Verizon is incorporated in the State of Delaware with its principal headquarters at 140 West Street in New York, New York. (Id.).

Verizon has a number of "subsidiaries," including Verizon Pennsylvania, Inc., through which it conducts business. (Id.). Verizon deems "Verizon Pennsylvania, Inc." as an operating company for Verizon, not a business enterprise independent of Verizon. (Id.). Thus, Verizon reports on the profits and losses of all of its subsidiaries, including Verizon Pennsylvania, in a combined fashion. (Id.). Verizon is responsible for the debt of each operating company and conducts its business throughout the United States through these operating companies. (Id.).

In its SEC reporting, Verizon cites and counts as its own employees all of those employees, like plaintiff, who work through one its subsidiaries. (Sussman Aff., ¶ 3, Ex. 2). Verizon has a single human resources office, which operates out of its New York City headquarters. (Id.). This centralized office manages retirement and other employee-benefit plans

2

for Verizon employees, including plaintiff. (Id.).

While plaintiff performed most of his work in Pennsylvania, he also performed work in New York state, and he was dispatched to and from job sites from his home in New York. (Lichwick Aff. ¶ 3, ¶ 4).   He was considered to be on duty while driving to and from his home in New York. (Id. ¶ 3).  Plaintiff understood that he was an employee of Verizon, and that Verizon Pennsylvania was merely an operating entity of Verizon.  (Id. ¶2, ¶ 5).

**ARGUMENT**

**POINT I**

**MOTION TO DISMISS STANDARDS**

A complaint may not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In deciding whether a complaint states a claim, the court must accept as true all factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff.  Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002).

The court may not use a pleading standard that exceeds the pleading requirements set forth in the Federal Rules of Civil Procedure to evaluate the sufficiency of a complaint on a motion to dismiss.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-14 (2002).  Rule 8(a)(2) provides that a complaint need include only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  Given the Federal Rules' simplified standard for pleading, "[a] court may dismiss a

complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Swierkiewicz</u>, 534 U.S. at 514.

**POINT II**

**PLAINTIFF STATES A COGNIZABLE DISCRIMINATION CLAIM UNDER THE NYHRL AND THE ADEA**

Defendant argues that plaintiff's New York Human Rights Law (NYHRL) claim under New York Executive Law § 296 must fail because plaintiff's true employer was "Verizon PA," a Pennsylvania corporation, and because plaintiff worked in Pennsylvania. Thus, according to defendant, the New York State Division of Human Rights (NYSDHR) did not have jurisdiction over plaintiff's administrative charge of discrimination. (<u>See</u> Def's Brief at Point I, pp. 4-7). From this, Verizon goes on to argue that this Court lacks jurisdiction over plaintiff's ADEA claim because his EEOC charge was filed more than 180 days after the date of his discharge. Defendant argues that, to avail himself of the 300-day limitations period for filing an EEOC charge under the ADEA (<u>see</u> 29 U.S.C. § 626(d)(2)), plaintiff had to file an administrative charge over which the NYSDHR had jurisdiction. (<u>See</u> Def's Brief at Point II, pp. 7-9).

Defendant's arguments must be rejected for three reasons. First, plaintiff's employer and the proper defendant in this case, Verizon Communications, Inc. ("Verizon"), d/b/a Verizon, is headquartered in New York and thus is a New York corporation. (<u>See</u> Sussman Aff., Exs. 1-2; Lichwick Aff. ¶1, ¶2, ¶5). The NYHRL expressly provides that it protects New York residents, such as plaintiff, from out-of-state discrimination by a New York corporation, such as Verizon: "[i]f a . . . domestic corporation violates any provision of [the NYHRL], this article shall apply to such . . . corporation in the same manner and to the same extent as such provision would have

4

applied had such act been committed within this state except that the penal provisions of such article shall not be applicable." N.Y. Exec. Law § 298-a(1)(2). In such instances, plaintiffs may pursue a cause of action under the NYHRL. Id.

Second, plaintiff worked in both Pennsylvania and New York. (See Lichwick Aff. ¶3, ¶ 4). Even if defendant were considered an out-of-state corporation, its alleged discriminatory act is still subject to suit under the NYHRL if it "'affected the terms, conditions or privileges of his employment in New York.'" Curto v. Medical World Communications, Inc., 388 F.Supp.2d 101, 106 (E.D.N.Y. 2005) (quoting Sherwood v. Olin Corp., 772 F. Supp. 1418, 1425-26 (S.D.N.Y. 1991). As plaintiff alleges that he was *terminated* because of unlawful age discrimination, such discrimination necessarily "affected the terms, conditions or privileges of his employment in New York." Cf., Curto, 388 F.Supp.2d at 106-07 (alleged harassment and discrimination, culminating in termination, affected plaintiff's employment at her home office in New York).

Third, even if this Court were to find that defendant is an out-of-state corporation (which it is not), *and* that his alleged discriminatory termination did not affect his employment in New York (which it did), the NYSDHR would still have had jurisdiction over plaintiff's administrative charge of discrimination. See N.Y. Exec. Law § 298-a(3). The fact that plaintiff would not have been able to pursue an NYHRL cause of action in such instance would not have deprived the NYSDHR of jurisdiction and thus would not act as a bar to plaintiff proceeding on his ADEA claim.

Defendant's citation to Dezaio v. Port Authority of New York and New Jersey, 205 F.3d 62 (2d Cir. 2000) is inapposite. In Dezaio, the Second Circuit held that the Port Authority, "an unusual public authority," is not subject to the jurisdiction of either New York or New Jersey's

5

anti-discrimination laws. Id. at 65-66. Thus, the NYSDHR had no jurisdiction over the

plaintiff's administrative charge of discrimination against the Port Authority and the plaintiff was

bound by the ADEA's 180-day limitations period for filing an EEOC complaint, rather than its

300-day limitations period. See id. at 66 ("even in a deferral jurisdiction like New York, where

the State's fair employment practices agency has *no* jurisdiction over the employer, that employer

is to be viewed as if it were in a non-deferral State, and, accordingly, the 180-day limitation

applies in the case of an employee of the Port Authority") (emphasis added).

      Here, unlike in Dezaio, even if defendant were correct that it is an out-of-state

corporation and that its alleged discriminatory discharge of plaintiff did not affect the terms,

conditions or privileges of his employment in New York, the NYSDHR would still have had

jurisdiction over plaintiff's administrative charge of discrimination. See N.Y. Exec. Law § 298-

a(3) (providing for NYSDHR jurisdiction over complaint by New York resident that foreign

corporation violated NYHRL with respect to employment out-of-state). Thus, under the ADEA,

plaintiff still would have had a 300-day limitations period to file his EEOC complaint. See 29

U.S.C. § 626(d)(2), § 633(b).

## POINT III

### THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT

      "A district court may exercise jurisdiction over a defendant who would be subject to the

jurisdiction of a court of general jurisdiction in the state in which the district court is located. 'In

order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a

prima facie showing that jurisdiction exists.' Plaintiff need only make '"legally sufficient

allegations of jurisdiction" through its pleadings and affidavits in order to survive a motion to

dismiss. All factual matters are to be resolved in the light most favorable to plaintiff.'" Roe v.

Arnold, 502 F. Supp. 2d 346, 349-350 (E.D.N.Y. 2007) (citations omitted)

As set forth above, Verizon is headquartered in New York and it does substantial

business in the state of New York, including business performed by plaintiff during his

employment with Verizon. Thus, this Court has personal jurisdiction over Verizon pursuant to

New York C.P.L.R. § 301 and § 302.

Defendant's reliance on Welsh v. Servicemaster Corp., 930 F.Supp. 908 (S.D.N.Y.) is

misplaced. In Welsh, defendants were foreign corporations with principal places of business in

Tennessee and Connecticut. Id. at 909. Here, Verizon has its headquarters in New York.

Moreover, in Welsh, the plaintiff alleged "upon information and belief" that "defendants are

doing business in New York," but admitted she "does not know 'the true nature of Defendants'

contacts with New York.'" Id. at 910. By contrast, here, plaintiff has not only established that

defendant is headquartered in New York, but also that it does substantial business in New York.

Thus, unlike in Welsh, this Court clearly has personal jurisdiction over defendant.

## POINT IV

### VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK

Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district where any defendant

resides, if all defendants reside in the same State." Moreover, "a corporation shall be deemed to

reside in any judicial district in which it is subject to personal jurisdiction at the time the action is

commenced." 28 U.S.C. §1391©. As Verizon is headquartered in New York City, and plaintiff

resides in Orange County, venue is clearly proper in the Southern District of New York.

## CONCLUSION

For all the foregoing reasons, and all the pleadings and proceedings had herein, this Court should deny defendant's motion to dismiss.

Dated: July 25, 2008
       Goshen, New York

Respectfully submitted,

CHRISTOPHER D. WATKINS (2240)
MICHAEL H. SUSSMAN (3497)
SUSSMAN & WATKINS
P.O. Box 1005
40 Park Place
Goshen, New York 10924
(845) 294-3991
*Attorneys for Plaintiff*