UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWARD ROBERT LICHWICK, JR.,

                Plaintiff,

   – against –

VERIZON,

                Defendant.

Civil Action No.: 08-CIV-3892 (SCR)
ECF CASE

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1), (2), (3), AND (6) AND 28 U.S.C. § 1406**

Vicki R. Walcott-Edim
JONES DAY
222 East 41st Street
New York, NY  10017
(212) 326-3939

Thomas M. Beck
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001
(202) 879-3939
(*pro hac vice pending*)

*Attorneys for Defendant*
*Verizon Pennsylvania, Inc.*

# TABLE OF CONTENTS

**Page**

ARGUMENT ................................................................................................................................. 1

    I.    Plaintiff Cannot Refute That His New York State Discrimination Claims Are Defective. ........................................................................................................ 1

    II.    Plaintiff's Defective NYSHRL Claims Render His ADEA Claims Untimely And Divest This Court of Jurisdiction. .................................................. 6

CONCLUSION ............................................................................................................................ 7

# TABLE OF AUTHORITIES

## CASES

*Butvin v. Doubleclick, Inc.*, No 99-4727, 2000 WL 827623, at *13 (S.D.N.Y. June 26, 2000) ................................................................................................................................3

*Curto v. Medical World Communications, Inc.*, 388 F. Supp. 2d 101, 106 (E.D.N.Y. 2005) ........................................................................................................................4, 5, 6

*DePriest v. Seaway Food Town, Inc.*, 543 F. Supp. 1355 (E.D. Mich. 1982)..................................7

*Dezaio v. Port Authority of New York and New Jersey*, 205 F.3d. 62 (2d Cir. 2000) ................. 6-7

*Int'l Healthcare Exchange, Inc. v. Global Healthcare Exchange, LLC*, 470 F. Supp. 2d 345 (S.D.N.Y. 2007) .................................................................................................. 4-5

*Lyda v. American Broadcasting Cos.*, 587 F. Supp. 670 (S.D.N.Y. 1984) .................................6, 7

*Mattera v. Clear Channel Communications, Inc.*, 239 F.R.D. 70, 76-77 (S.D.N.Y. 2006) ...........2

*S.E.C. v. Cavanagh*, 2004 WL 1594818, at *16 (S.D.N.Y. July 16, 2004) ....................................3

*Sherwood v. Olin Corp.*, 772 F. Supp. 1418 (S.D.N.Y. 1991) .....................................................5, 6

*Wishner v. Continental Airlines*, No. 94 Civ. 8239(LAP), 1997 WL 420286 (S.D.N.Y. July 25, 1997)................................................................................................................6

Defendant Verizon Pennsylvania, Inc. ("Verizon PA") submits this reply memorandum in further support of its previously filed motion to dismiss. Verizon PA established that *first*, Plaintiff has no private cause of action against Verizon PA under New York law, whether based on alleged in-state or out-of-state discriminatory conduct (Verizon PA Br. at 4-7); *second*, this Court lacks jurisdiction over Plaintiff's time-barred federal age discrimination claims (Verizon PA Br. at 7-9); *third*, Verizon PA is not subject to personal jurisdiction in New York in this case (Verizon PA Br. at 9-11); and *fourth*, venue is improper (Verizon PA Br. at 11-13).

In an effort to overcome these deficiencies, Plaintiff makes new claims and assertions in opposition to Verizon PA's motion to dismiss. Plaintiff's additional claims and allegations – even if they were accepted as true – would not alter the conclusion that Plaintiff's Complaint must be dismissed.

## ARGUMENT

### I. Plaintiff Cannot Refute That His New York State Discrimination Claims Are Defective.

Plaintiff continues to avoid the fact that he initially availed himself of Pennsylvania law when he sought unemployment benefits, not from the State of New York, but from the Commonwealth of Pennsylvania. Through his own voluntary conduct, Plaintiff has made it clear that his employment relationship was based in Pennsylvania – not based in New York and not with Verizon Communications Inc. ("VCI").[1] Nevertheless, in a Hail Mary attempt to save his untenable claims, Plaintiff now contends that VCI and Verizon PA are effectively one and the

---

[1] Although Verizon PA previously asserted that Plaintiff was a Verizon PA employee because Plaintiff directly reported to Verizon PA managers, was investigated by Verizon PA managers, was a member of a union that was party to a collective bargaining agreement with Verizon PA, and the majority of the employees subject to this collective bargaining agreement are Verizon PA employees, it now appears that Plaintiff was paid by a corporate entity known as Verizon North Inc. ("Verizon North"). *See* Ex. 2, Declaration of Maryanne Crompton, dated August 25, 2008, ("Crompton Decl."), filed concurrently herewith. This does not alter Verizon PA's fundamental legal arguments or the conclusions that must be drawn from those arguments because Verizon North, like Verizon PA, is a corporation foreign to the State of New York. *See* Declaration of Rosalynn Christian, dated August 21, 2008, ("Christian Decl."), filed concurrently herewith.

same. *See, e.g.*, Pl.'s Opp. at 2-3.  Plaintiff asserts that VCI is Plaintiff's former employer and the proper defendant in this case.  *See id.* at 4; Lichwick Aff. ¶3.  Therefore, Plaintiff claims that his New York and federal claims remain viable.[2]  He is mistaken.

### A. Plaintiff's Employment Relationship Was Not With VCI.[3]

Plaintiff's employment was based in Pennsylvania, and he sought unemployment benefits from and in Pennsylvania.  Compl. ¶¶14,15; Lichwick Aff. ¶4.  Plaintiff directly reported to a Verizon PA manager.  Nelson Decl. ¶2.  Plaintiff does not deny that he was a member of the Communications Workers of America, AFL-CIO, CWA Local 13000 ("Local 13000"). *Compare* Nelson Decl. ¶9 *with* Lichwick Aff. ¶¶1-6.  Also, Plaintiff was subject to a collective bargaining agreement to which Verizon PA (not VCI) and Local 13000 were parties.  *See* Crompton Decl. ¶¶4, 7.  Plaintiff requested representation from Local 13000 in connection with Verizon PA's investigation into Plaintiff's misconduct and does not deny doing so.  *Compare* Nelson Decl. ¶9 *with* Lichwick Aff. ¶¶1-6.

Nevertheless, Plaintiff now tries to shift gears by claiming that he really worked in New York for VCI rather than for Verizon PA, a wholly-owned subsidiary of VCI.  Declaration of Veronica C. Glennon, dated August 21, 2008, ¶3 ("Glennon Decl."), filed concurrently herewith.  Plaintiff supports this position only with vague, conclusory, unsubstantiated statements – many of which are improper legal arguments.  *See generally* Lichwick Aff. (referring, without further explanation or support, to Plaintiff's subjective "understanding" that he was employed by VCI).[4]

---

[2] Assuming arguendo that Plaintiff had properly named VCI as a defendant in this case, (Pl.'s Opp. at 2), the Complaint should then also be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join Verizon PA – an indispensable party.  *See Mattera v. Clear Channel Communications, Inc.*, 239 F.R.D. 70, 76-77 (S.D.N.Y. 2006).

[3] Plaintiff's arguments concerning personal jurisdiction and venue concern only VCI, (Pl.'s Opp. at 6-7), which is not a proper defendant in this proceeding.  *See* Section I.A, *supra.*  Plaintiff failed to address, and therefore concedes, the arguments raised in Verizon PA's opening brief concerning personal jurisdiction and venue.  *See* Verizon PA's Br. at 9-13.

[4] Michael Sussman, Plaintiff's attorney, submitted an affirmation in response to Verizon PA's motion to dismiss, which contains a number of unsupported factual statements and legal arguments.  *See* Affirmation of

But as this Court has held before, a plaintiff may not amend his complaint through a memorandum of law in opposition to a motion to dismiss. *See Butvin v. Doubleclick, Inc.*, No 99-4727, 2000 WL 827623, at *13 (S.D.N.Y. June 26, 2000). Plaintiff does not articulate a legal argument or cite any legal authority to support his self-serving theory that VCI employed and discriminated against him. Rather, he offers only his own subjective, unexplained and unsupported "understanding" that he was employed by VCI. *See, e.g.,* Plaintiff's Opp. at 2, 4.

Most important to this case, however, are the facts that Plaintiff cannot deny. *See* Lichwick Aff. ¶¶1-6. Specifically, Plaintiff (a) sought unemployment benefits in Pennsylvania (Compl. ¶¶14, 15); (b) was based in Pennsylvania (Lichwick Aff. ¶4); (c) reported to Verizon PA managers (Nelson Decl. ¶5); (d) was a member of Pennsylvania-based Local 13000 (Nelson Decl. ¶9; Crompton Decl. ¶6); (e) was subject to a collective bargaining agreement between Verizon PA and Local 13000 (not between VCI and Local 13000) (Crompton Decl. ¶¶4,7); and (f) requested union representation from Local 13000 when Verizon PA was investigating Plaintiff's misconduct (Nelson Decl. ¶¶8, 9).

That Plaintiff may have incidentally and infrequently traveled to other states for work is of no import. As Plaintiff himself has made clear through his own conduct, his employment relationship was grounded in Pennsylvania and was not with VCI in New York. Plaintiff has failed to articulate, let alone establish, any credible reason to justify a contrary finding.

---

(continued…)

Michael Sussman, dated July 23, 2008 ("Sussman Aff."). Plaintiff's counsel is not a fact witness in this case although the content of his affirmation suggests otherwise. *See id.* ¶¶2-3. Further, it is unclear whether Plaintiff attempts to advance an alter ego, piercing the veil or some other legal theory. In any case, the Court should strike and not consider Mr. Sussman's affirmation because it contains unsupported statements and improper legal argument. *See, e.g., S.E.C. v. Cavanagh*, 2004 WL 1594818, at *16 (S.D.N.Y. July 16, 2004).

### B. Plaintiff's Opposition Does Not Resuscitate His Defective New York State Discrimination Claims.

Verizon previously established, (Verizon PA Br. at 4-7), and Plaintiff concedes (Pl.'s Opp. at 5), that New York law prohibits Plaintiff from bringing a private lawsuit against Verizon PA based upon out-of-state discrimination. Therefore, Plaintiff's only hope of maintaining a private lawsuit under New York law rests upon demonstrating unlawful in-state discrimination.

To establish discrimination "in New York," plaintiff must first allege and prove that (1) an unlawful discriminatory practice originated in New York; (2) a discriminatory practice affected the terms, conditions, and privileges of employment in New York, or (3) that defendant retaliated against plaintiff because he complained about such conduct. *Curto v. Medical World Communications, Inc.*, 388 F. Supp. 2d 101, 106 (E.D.N.Y. 2005) (lawsuit against non-resident defendants would be viable only if discriminatory acts occurred in New York). Plaintiff has not disputed, and therefore concedes, that no discriminatory practice originated in New York; and even the most liberal reading of Plaintiff's Complaint could not support a retaliation claim. *See generally* Complaint; *see also generally* Pl.'s Opp. Therefore, Plaintiff presumably relies on *Curto* to argue that his claims against out-of-state Verizon PA survive under New York law because the alleged termination affected the terms, conditions or privileges of Plaintiff's putative employment in New York. *See* Pl.'s Opp. at 5; *Curto*, 388 F. Supp. 2d at 106. Plaintiff's reliance is misplaced.

In *Curto*, the plaintiff worked out of the New York offices of Romaine Publishers and then Medical World Communications, Inc. (MWC) when the latter acquired the former. *See id.* at 104. After MWC closed its New York office, the plaintiff began to work out of her *New York home* although she visited the company's New Jersey headquarters from time to time. *See id.* MWC eventually terminated Ms. Curto for poor performance, and she sued for retaliation and

gender discrimination under New York law. *Id* at 105. These facts coupled with the defendant's argument that New York's discrimination laws were inapplicable because plaintiff worked out of her New York home "as opposed to an office in the traditional sense" distinguish *Curto* from the instant case. *Id.* at 107 (quoting defendant to say that imposing "NYSHRL liability on non-resident Defendants simply because Plaintiff was allowed to work from her home is overreaching").

If anything, *Curto* undermines Plaintiff's contention that he suffered discrimination in New York. That case stands for the proposition that, in order for a plaintiff to show that an unlawful discriminatory practice (*e.g.*, termination) affected the terms, conditions, and privileges of employment in New York, the employment must at least be *based* in New York, whether in a home or company office. *See Curto*, 388 F. Supp. 2d at 107. The *Curto* plaintiff worked almost exclusively from New York whereas here, Plaintiff was based in, and worked primarily in, Pennsylvania. *See* Lichwick Aff. ¶4; *Curto*, 388 F. Supp. 2d at 107. Even more telling is Plaintiff's pursuit of unemployment benefits from and in the Commonwealth of Pennsylvania. Compl. ¶¶14-15. Further, Plaintiff admits that he merely worked in New York or other states "in the case of emergency" or in other infrequent circumstances.[5] *See* Lichwick Aff. ¶4. Plaintiff may not use such *de minimis* contacts with New York as a basis for pursuing action in this Court, particularly when Plaintiff availed himself of unemployment benefits in Pennsylvania under Pennsylvania law. *See, e.g., Sherwood v. Olin Corp.*, 772 F. Supp. 1418, 1425 (S.D.N.Y. 1991) (New York resident who was stationed in Connecticut, but also worked in New York could not sue in New York for Connecticut-based discrimination); *see also Int'l Healthcare Exchange, Inc.*

---

[5] That Plaintiff resides in New York and *commuted* from his home to his job in Pennsylvania – whether in a company vehicle or not – is of no import. *Accord Sherwood,* 772 F. Supp. at 1425-26 (Plaintiff must allege more than [his] New York residence; [he] must allege that an unlawful discriminatory practice '*originated*' within New York state. . . . .").

*v. Global Healthcare Exchange, LLC*, 470 F. Supp. 2d 345, 352-53, 362 (S.D.N.Y. 2007) (plaintiff who "worked out of her New York City home office" when not traveling for work could pursue NYSHRL claims) (citing *Curto*, 388 F. Supp. 2d at 106-07).

In short, a plaintiff's sporadic work contacts with New York, without more, cannot establish that a discriminatory practice affected the terms, conditions and privileges of employment in New York when plaintiff's employment was so clearly based in another state. *See, e.g., Wishner v. Continental Airlines*, No. 94 Civ. 8239(LAP), available at 1997 WL 420286, at *7 (S.D.N.Y. July 25, 1997) (dismissing New York resident's NYSHRL claims when plaintiff worked in New Jersey despite plaintiff's claim that defendant was authorized to do business in New York); *Lyda v. American Broadcasting Companies*, 587 F. Supp. 670 (S.D.N.Y. 1984) (plaintiff was unable to overcome "tangential connection" between her discrimination claims and New York). Otherwise, under Plaintiff's theory, employers could be subject to discrimination lawsuits in any state their employees have "worked" in or traveled to for business. Plaintiff should not be permitted to cherry-pick which state's laws apply – and when – in order to piece together his discrimination claims.

## II. Plaintiff's Defective NYSHRL Claims Render His ADEA Claims Untimely And Divest This Court of Jurisdiction.

Plaintiff argues that his ADEA claim is timely notwithstanding the dissipation of his state claim because §298-a(3) gives the New York State Division of Human Rights ("NYSDHR") jurisdiction over Plaintiff's charge.[6] Pl.'s Opp. at 5-6. However, the 180-day statute of limitations applies to an ADEA lawsuit when the plaintiff has no claims under New York discrimination law. *See* Verizon PA Br. at 7-9; *see also Dezaio v. Port Authority of New York*

---

[6] Verizon PA assumes that Plaintiff's reference to Section 298-a(3) and a "complaint," (Pl.'s Opp. at 5-6), refers to administrative proceedings before the NYSDHR. However, the NYSDHR lacks jurisdiction to authorize an individual to bring a private lawsuit against a foreign corporation based on allegations of out-of-state discrimination. *See Sherwood*, 772 F. Supp. at 1423-24.

*and New Jersey*, 205 F.3d. 62, 65 (2d Cir. 2000) (local bi-state compact deprived NYSDHR of jurisdiction over Port Authority).  It is clear that Plaintiff wanted to bring private state law claims.  Plaintiff simply chose to file his charge in the wrong state.

New York law prevents Plaintiff from suing an out-of-state employer based upon alleged out-of-state discrimination.  The NYSDHR cannot authorize Plaintiff to do that which the law does not allow.  *See* Section I, *supra*; Verizon PA's Br. at 7-9.  Therefore, the NYSDHR lacked jurisdiction to afford Plaintiff the relief he wanted – the private right to sue under New York law.  Consequently, the 180-day statute of limitations applies here, rendering Plaintiff's claim untimely.  *See Lyda v. American Broadcasting Companies, Inc.*, 587 F. Supp. 670, 673 (S.D.N.Y. 1984) (finding persuasive *DePriest v. Seaway Food Town, Inc.*, 543 F. Supp. 1355 (E.D. Mich. 1982), and deeming plaintiff's Title VII federal discrimination lawsuit untimely when she improperly instituted claim in New York, rather than Illinois, after the 180-day statute of limitations expired).

## CONCLUSION

For the foregoing reasons as well as those in Verizon PA's previously filed Motion to Dismiss and supporting papers, Verizon PA respectfully requests that the Court grant its motion in its entirety and dismiss Plaintiff's Complaint with prejudice.

Dated: August 25, 2008                             JONES DAY

                                                      By: s/ Vicki R. Walcott-Edim
                                                         Vicki R. Walcott-Edim (VW-1223)
                                                         222 East 41st Street
                                                         New York, NY  10017

                                                         Thomas M. Beck (TB-9243)
                                                         51 Louisiana Avenue, N.W.
                                                         Washington, DC 20001
                                                         (*pro hac vice* pending)

                                                         *Attorneys for Defendant*
                                                         *Verizon Pennsylvania, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 25, 2008, the foregoing was filed with the Clerk of the Court and served via overnight delivery in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon:

      Michael H. Sussman, Esq.
      SUSSMAN & WATKINS
      40 Park Place
      Goshen, New York  10924
      (845) 294-3991

      *Attorney for Plaintiff*

      /s/ Vicki R. Walcott-Edim
      Vicki R. Walcott-Edim (VW 1223)
      Jones Day
      222 East 41st Street
      New York, NY 10017-6702
      vwalcottedim@jonesday.com
      (212) 326-3939

NYI-4113645